## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RHEA MARCHIONE,**

**Plaintiff,**

**v.**                                   **CASE NO.:**

**FIRST CHOICE PEDIATRICS,**
**INC., a Florida Profit Corporation,**

**Defendant**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, RHEA MARCHIONE (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant FIRST CHOICE PEDIATRICS, INC., (hereinafter referred as "FIRST CHOICE" or "Defendant"), and states the following:

## NATURE OF CASE

1.      This is a claim by Plaintiff Rhea Marchione against her former employer, First Choice Pediatrics, Inc., for violations of the Family Medical Leave Act of 1993 ("FMLA") 29 § 2601 *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

2.      Defendant's violations of the FMLA were willful and perpetrated with malice or reckless indifference to the law(s).

3.      Plaintiff seeks all remedies available in law and equity including but not limited to: judgement in her favor and against Defendant; payment of lost wages, salary, employment benefits and other compensation denied (including front and back pay); actual monetary losses sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages; compensatory damages; punitive damages; injunctive relief; and reasonable attorney's fees, expert witness fees and costs.

## JURISDICTION

4.      The acts and omissions giving rise to this action occurred in Seminole County, Florida, among others.

5.      Defendant conducts business in Seminole County, Florida.

6.      Plaintiff was employed with Defendant in Seminole County, Florida.

7.      This is an action at law raises a federal question under federal law, specifically the FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

8.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

2

9.    Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## PURPOSES OF THE FMLA

10.    The Family Medical Leave Act ("FMLA or "the Act") was enacted in 1993.  The intent of Congress in passing the Act was "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 C.F.R. § 825.101(a).

11.    "The FMLA was predicated on two fundamental concerns – the needs of the American workforce, and the development of high-performance organizations." 29 C.F.R. § 825.101(b).  The Act was intended to benefit both employers and their employees as Congress, in passing the law, recognized the direct correlation between "stability in the family and productivity in the workplace." 29 C.F.R. § 825.101(c).

12.    The FMLA allows covered employees to take unpaid medical leave for personal medical reasons; for the birth or adoption of a child; for the care of

a service member with a serious injury or illness; for the care of a spouse or a parent who is ill; and for the care of a sick child. *See* 29 C.F.R. § 825.101(a).

## PARTIES

13.    Plaintiff was an employee of Defendant and is a resident of Seminole County, Florida.

14.    Defendant operates a medical facility that treats children.

15.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

16.    At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FMLA.

17.    Defendant employs more than fifty (50) employees within 75 miles of its Altamonte Springs, Florida facility.

18.    Plaintiff is an "employee" as defined by the FMLA.

19.    Defendant is an "employer" as defined by the FMLA.

## FACTUAL ALLEGATIONS

20.    Plaintiff began her employment with Defendant, on or about October 7, 2018, as a Medical Assistant.

21.    Plaintiff was in good standing as an employee.

22.    Plaintiff received praise for her work.

23.    On September 1, 2019, Plaintiff notified Defendant that she was pregnant and would need time off under FMLA.

4

24.     Throughout the pregnancy Plaintiff inquired with the Office Manager and the Medical Assistant Manager, about her options during maternity leave but never received a clear answer.

25.     As a result of the Coronavirus pandemic, Plaintiff was advised by her Physician not to check-in or see the sick patients to protect her and her unborn child.

26.     Despite those orders, Defendant still required that she tend to the sick patients.

27.     In light of these circumstances, Plaintiff began to wear a face mask to protect herself.

28.     At that time, there was a shortage of face masks and Plaintiff brought her own personal box.

29.     However, the Office Manager told Plaintiff that she could not wear this personal protective equipment ("PPE").

30.     Plaintiff was written up and ultimately terminated by Defendant allegedly for wearing her own PPE.

31.     This reason is false and a pretext for pregnancy discrimination, retaliation and FMLA Interference.

32.     In 2018, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

33.    In 2019, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

34.    In 2020, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

35.    As of the date, Plaintiff had been employed by defendant at least twelve (12) months prior to her request for FMLA leave.

36.    Plaintiff provided Defendant with documents from her physicians which confirmed her medical condition.

37.    Defendant' actions interfered with Plaintiff's rights under the FMLA.

## COUNT I
## PREGANCY DISCRIMINATION IN VIOLATION TITLE VII

38.    Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 37 above as if fully set forth herein.

39.    Plaintiff is a member of a protected class because she is female.

40.    Plaintiff is a member of a protected class because she was pregnant during the period of time at-issue.

41.    At all material times, Plaintiff was qualified to perform her job duties.

42.    At all material times, Defendant knew that Plaintiff was pregnant.

43.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her pregnancy.

44.     Defendant did not subject the non-pregnant employees to discriminatory treatment.

45.     Plaintiff suffered an adverse employment action when she was terminated.

46.     The discrimination to which Plaintiff was subjected was based on her pregnancy.

47.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

48.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

50.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

51.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.     declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the Title VII;

b.     require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.     require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.     Compensatory damages;

e.     judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.     judgment interest, and, if applicable, post-judgment interest;

g.     reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT II
## <u>RETALIATION IN VIOLATION OF TITLE VII (For Pregnancy/Gender Discrimination Complaint)</u>

65.     Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 37 above as if fully set forth herein.

66.     Plaintiff engaged in statutorily protected activity when she advised management that she needed to wear personal protective equipment due to her pregnancy.

67.     Plaintiff suffered an adverse employment action when she was terminated.

68.     A causal connection exists between the protected activity and the adverse action.

69.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of race discrimination.

70.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

71.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

73.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

74.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.      declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT III
## INTERFERENCE UNDER THE FMLA

75.     Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 37 above as if fully set forth herein.

76.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

77.     Defendant' was Plaintiff's employer as defined by the FMLA.

78.     Defendant' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

79.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

80.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

81.     Defendant' violations of the FMLA were willful.

82.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a.      judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b.      judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.      judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      declaratory judgment that Defendant' practices toward Plaintiff violate her rights under the FMLA; and

f.      order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

12

## COUNT IV
## RETALIATION UNDER THE FMLA

65.   Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 37 above as if fully set forth herein.

66.   Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

67.   Defendant were Plaintiff's employer as defined by the FMLA.

68.   Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

69.   Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

70.   Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

71.   Defendant' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

72.   Defendant' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

73.   Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

74.   As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to

compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

75.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

76.    Defendant' violations of the FMLA were willful.

77.    Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

    a.    judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b.    judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

    c.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    d.    judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e.    declaratory judgment that Defendant practices toward Plaintiff violate her rights under the FMLA; and

f.      an order granting such other and further relief as this Court

deems just and equitable under the circumstances of this case.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 8th day of April, 2021.

Respectfully submitted,

**s/Bruce A. Mount**
Anthony J. Hall
FL Bar No. 40924
Bruce Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999 ext. 412
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

**Attorneys for Plaintiff**